UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

```
IN RE:                          )
                                )     Chapter 7
BARRY LYN KUCERA,               )
NANCY ELAINE KUCERA,            )     Bankruptcy No. 08-01612
                                )
     Debtors.                   )
                                )
FARMERS SAVINGS BANK,           )
                                )     Adversary No. 08-09136
     Plaintiff,                 )
                                )
vs.                             )
                                )
BARRY LYNN KUCERA,              )
NANCY ELAINE KUCERA,            )
                                )
     Defendants.                )
```

**ORDER RE: DEFENDANTS' MOTION TO DISMISS**

This matter came before the undersigned for telephonic hearing on January 9, 2008. Plaintiff Farmers Savings Bank was represented by Attorney William Lorenz. Debtors/Defendants were represented by Attorney Jerrold Wanek. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

The Bank filed a Complaint to Determine Dischargeability of Debt under § 523(a)(2). Debtors assert the complaint was filed one day late. The deadline to file dischargeability complaints expired on October 26, 2008, a Sunday. The Bank filed the Complaint on Monday, October 27, 2008. It argues that Rule 9006(a) extends the deadline to the next business day when it falls on a weekend.

**CONCLUSIONS OF LAW**

Federal Rule of Bankruptcy Procedure 4007(c) establishes a deadline for filing a complaint to determine dischargeability of a debt under 11 U.S.C. § 523(c) of 60 days after the first date set for the meeting of creditors. In re Harbaugh, 301 B.R. 317,

1

320 (B.A.P. 8th Cir. 2003).  Included in § 523(c) are debts arising under § 523(a)(2).  11 U.S.C. § 523(c)(1).  The first date set for the meeting of creditors in this case was August 27, 2008.[1]  The Notice of the meeting of creditors identifies the last day to oppose discharge or dischargeability as October 26, 2008, 60 days after the creditors meeting, which was a Sunday.

   Rule 9006(a) governs the computation of any period of time prescribed by the Bankruptcy Rules.  It states, in pertinent part, "The last day of the period so computed shall be included, unless it is a Saturday, a Sunday , or a legal holiday . . . in which event the period runs until the end of the next day which is not one of the aforementioned days."  Fed. R. Bankr. P. 9006(a).  Debtors assert this rule does not apply to the deadline in Rule 4007(c) which it characterizes as a substantive right which cannot be enlarged by a procedural rule.  They cite cases which refuse to apply Fed. R. Civ. P. 6(a) or Bankruptcy Rule 9006(a) to enlarge statutes of limitations.

   The Supreme Court has stated that the Bankruptcy Rules do not create or withdraw federal jurisdiction.  Kontrick v. Ryan, 540 U.S. 443, 453 (2004).  The deadlines prescribed in the rules "are claim-processing rules that do not delineate what cases bankruptcy courts are competent to adjudicate."  Id. at 454 (considering Rule 4004(a)).  Thus, Rule 4004(a) and 4007(c) which set time limits for filing complaints to object to discharge or determine dischargeability of debts are procedural rules.  In re Dunaway, 346 B.R. 449, 452 (Bankr. N.D. Ohio 2006) (citing Kontrick).  The Eighth Circuit Bankruptcy Appellate Panel has also held that Rules 4004 and 4007 are not jurisdictional, although they "are analogous to statutes of limitations and are strictly construed".  Harbaugh, 301 B.R. at 320.

   Nearly all courts have held that Rule 9006(a) applies to the time limitations of Rules 4004(a) and 4007(c).  In re Beck, 220 B.R. 573, 575 (Bankr. D. Md. 1998); Brenda M. Williams, Annotation, Construction and Application of Federal Rule of Bankruptcy Procedure, Rule 9006(a) Governing Computation of Time, 10 A.L.R. Fed. 2d, §§ 23-24 (2006)(collecting cases).  "The vast majority of decisions on the issue hold that Rule 4007 is a

---

[1] This case was originally filed in the Southern District of Iowa and the first meeting of creditors was scheduled in Council Bluffs.  An Amended Notice scheduled the meeting in Des Moines on August 25, 2008.  Venue was transferred to the Northern District of Iowa on Motion of the U.S. Trustee.  The meeting of creditors was subsequently held on August 25, 2008 in Cedar Rapids.

procedural rule, and not a statute of limitations." In re Little, 161 B.R. 164, 169 (Bankr. E.D. La. 1993); contra In re Peacock, 129 B.R. 290, 292 (Bankr. M.D. Fla. 1991) (holding the time period established by 4007(c) is in the nature of a statute of limitations and 9006(a) does not apply).  As it is procedural in nature, Rule 4007(c) is subject to the computation of time rules set forth in Rule 9006(a).  Id.; see also In re Dwyer, 426 F.3d 1041, 1043 (9th Cir. 2005); In re Dressel, 212 B.R. 611, 612 (Bankr. E.D. Mo. 1997); In re Burcham, 176 B.R. 268, 270 (Bankr. M.D. Fla. 1994) (rejecting Peacock); and In re Day, 102 B.R. 414, 415 (Bankr. E.D. Pa. 1989).

     The court in Dunaway, noted that, although Rule 9006(a) does not specify that it applies to the 60-day deadlines for filing dischargeability complaints, "it is clear, on more than one level, that it does."  346 B.R. at 452.  Rule 9006(a) is broad and has an introductory clause specifying it applies "[i]n computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any applicable statute[.]"  Fed. R. Bankr. P. 9006(a).  Rule 4007(c) is plainly of this same subject matter.  Dunaway, 346 B.R. at 452 (considering Rule 4004(a)).

     Failure to apply Rule 9006(a) to Rule 4007 complaints would impermissibly shorten the time period in which a plaintiff may file a dischargeability complaint.  Bec, 220 B.R. at 576.  Additionally, Rule 4007 allows for extension of the 60-day time limit on motion of a party, in contrast to statutes of limitations which govern substantive rights of a party and cannot be extended by court order.  Id.  Finally, Rule 4007 is distinguishable from statutes such as § 547(b)(4)(A) which places a 90-day limit on a trustee's power to avoid a preference and which is not extended by Rule 9006(a) under cases such as In re Greene, 223 F.3d 1064, 1069 (9th Cir. 2000).

     One court has noted that the Supreme Court requires that Bankruptcy Rule 9006(a) "be construed in light of a policy of liberality and leniency."  In re Dwyer, 303 B.R. 437, 440 (B.A.P. 9th Cir. 2003), aff'd 426 F.3d 1041 (9th Cir. 2005), citing Union Nat'l Bank v. Lamb, 337 U.S. 38, 41,(1949).  Rule 9006(a) is intended to protect parties from a forfeiture of rights.  In re Am. Healthcare Mgmt., Inc., 900 F.2d 827, 831-32 (5th Cir. 1990).  "Close cases are resolved in favor of reaching the merits of disputes."  Dwyer, 303 B.R. at 441.

**ANALYSIS**

This Court concludes that Rule 9006(a) applies to the deadline set out in Rule 4007(c) for filing complaints to determine dischargeability of debts. The deadline in this case, falling on a Sunday, is thus extended to the following day, Monday, October 27, 2008. This is the date on which Plaintiff filed its dischargeability complaint. It is timely filed. Debtors' Motion to Dismiss must be denied.

**WHEREFORE**, Defendants' Motion to Dismiss is DENIED.

DATED AND ENTERED:

January 16, 2009

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE